FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 02 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN – DIVISION 4

| | |
|---|---|
| DAWN LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-321-JM |
| | ) |
| STONEBROOK CONSULTING | ) |
| GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, DAWN LAWSON ("Plaintiff"), through her attorney, SHARON D. COUSINEAU, alleges the following against Defendant, STONEBROOK CONSULTING GROUP, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Arkansas Fair Debt Collection Practices Act, § 17-24-501, et seq. ("AFDCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

This case assigned to District Judge __Moody__
and to Magistrate Judge __Harris__

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Morrilton, Conway County, State of Arkansas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and AFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and AFDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and AFDCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency headquartered in the City of Frisco, Denton County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff that Plaintiff does not owe.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around May 2018, Defendant began calling Plaintiff on Plaintiff's cellular telephone, xxx-xxx-0337.

20. Defendant calls Plaintiff from 214-295-6943, which is one of Defendant's telephone numbers.

21. In or around May 2018, Plaintiff answered two of Defendant's phone calls and spoke with Defendant's collectors.

22. During the aforementioned conversations, Defendant's collectors refused to identify the business that they were calling from.

23. During the aforementioned conversations, Plaintiff disputed that she owed any debts related to writing a bad check, as Defendant's collectors claimed.

24. During the aforementioned conversations, Plaintiff told Defendant's collectors to stop calling her.

25. Despite Plaintiff's dispute of the alleged debt and telling Defendant's collectors to stop calling her, Defendant's collectors continued to call Plaintiff unabated.

26. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff.

27. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR
## DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to call Plaintiff after Plaintiff informed Defendant that she disputed owing the alleged debt and to stop calling Plaintiff;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff informed Defendant that she disputed owing the alleged debt and to stop calling Plaintiff;

    c. Defendant violated §1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors called Plaintiff and failed to disclose that Defendant's collectors were calling from Stonebrook Consulting Group, LLC;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite requests by Plaintiff for Defendant to stop calling Plaintiff;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite requests by Plaintiff for Defendant to stop calling Plaintiff;

f. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued to call and harass Plaintiff in an attempt to collect the alleged;

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant continued to pursue Plaintiff in an attempt to collect the alleged debt after Plaintiff requested that Defendant stop calling her and that she disputed owing the alleged debt; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DAWN LAWSON, respectfully requests judgment be entered against Defendant, STONEBROOK CONSULTING GROUP, LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the AFDCPA based on the following:

    a. Defendant violated § 17-24-505(a) of the AFDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to call Plaintiff after Plaintiff informed Defendant that she disputed owing the alleged debt and to stop calling Plaintiff;

    b. Defendant violated § 17-24-505(b)(5) of the AFDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff informed Defendant that she disputed owing the alleged debt and to stop calling Plaintiff;

    c. Defendant violated § 17-24-505(b)(6) of the AFDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors called Plaintiff and failed to disclose that Defendant's collectors were calling from Stonebrook Consulting Group, LLC

6

d. Defendant violated § 17-24-506(a) of the AFDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

e. Defendant violated § 17-24-506(b)(10) of the AFDCPA by its use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff; and

f. Defendant violated § 17-24-507(a) of the AFDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiff, DAWN LAWSON, respectfully requests judgment be entered against Defendant, STONEBROOK CONSULTING GROUP, LLC, for the following:

a. For actual damages provided for pursuant to § 17-24-512(a)(1) of the AFDCPA;

b. For statutory damages of $1,000.00 provided for pursuant to § 17-24-512(a)(2)(A) of the AFDCPA;

c. For attorneys' fees, costs and disbursements § 17-24-512(a)(3)(A) of the AFDCPA; and

d. For any such other and further relief, as well as further costs, expenses and

disbursements for this action, as this court may deem just and proper.

DATED: April 30, 2019                    RESPECTFULLY SUBMITTED,

                                          By: /s/ Michael S. Agruss
                                              Michael S. Agruss
                                              IL State Bar #: 6281600
                                              Agruss Law Firm, LLC
                                              4809 N. Ravenswood Ave., Suite 419
                                              Chicago, IL 60640
                                              Tel: 312-224-4695
                                              Fax: 312-253-4451
                                              michael@agrusslawfirm.com
                                              Attorney for Plaintiff